**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Clement Andera,** | ) | **CASE NO. 1:11 CV 2606** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Terry A. Tibbals, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 12) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed Objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Facts**

In September 2008, a jury found petitioner guilty of aggravated vehicular homicide, two counts of aggravated vehicular assault, and driving under the influence. The conviction arose

1

out of an incident wherein petitioner's pick-up truck veered off the road onto the sidewalk where he hit two trees. As the trees fell, they struck three girls, killing one and injuring the others. Petitioner asserted 12 grounds for habeas review, but subsequently withdrew grounds four and seven. Following briefing, the Magistrate Judge rejected all the grounds as being without merit or procedurally defaulted. Petitioner, through counsel, filed Objections.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner initially objects to the Magistrate Judge's failure to address his argument regarding the constitutionality of the AEDPA. Petitioner asserts that this statute violates the doctrine of separation of powers. But, as previously acknowledged by another district court in this Circuit, "While the Sixth Circuit has yet to pass on the separation of powers question raised by [petitioner], every sister circuit that has taken it up has come down in favor of AEDPA's constitutionality." *Wang v. Sampson*, 2010 WL 4340536 (E.D.Mich. Oct. 27, 2010) (citations omitted). Petitioner points to a Sixth Circuit case to support his position. That case, however, reports the dissent on a denial of a request for rehearing which criticizes the majority's overly-narrow interpretation of the "unreasonable application" prong of the AEDPA. *Davis v. Straub*, 445 F.3d 908 (6th Cir. 2006). This Court declines to find the AEDPA unconstitutional.

The Magistrate Judge rejected petitioner's first ground which challenged, on Sixth

2

Amendment grounds, his inability to cross-examine the police officer who administered the field sobriety tests as to the standards of administering such tests, although he otherwise cross-examined the officer extensively. Even assuming petitioner raised this claim in state court as a Confrontation Clause issue which he did not, the Court agrees with the Magistrate Judge that the trial judge's decision to disallow testimony about how the tests are generally administered while permitting broad cross-examination as to how petitioner's test was actually administered is within the wide-latitude granted to judges under United States Supreme Court law. Although petitioner objects on the basis that the judge precluded him from effectively challenging the results of the tests, the state appellate court's decision was not contrary to clearly established federal law.

The Magistrate Judge concluded that petitioner's second ground was not cognizable on habeas review given that it challenged the state appellate finding that the offenses were strict liability in nature and, therefore, lacking in a *mens rea* element. Petitioner presents no basis on which to find that this issue did not involve the interpretation of state law only.

The third and tenth grounds challenged admission of medical records and autopsy photos. The Court agrees with the Magistrate Judge that these grounds are not cognizable on habeas review as they involve state procedure or evidentiary law, and the trial was not rendered so fundamentally unfair as to deprive petitioner of his federal rights.

Likewise, the Magistrate Judge rejected the fifth ground, asserting that "other acts" evidence denied petitioner a fair trial, given that Sixth Circuit case law has recognized the absence of clearly established Supreme Court precedent holding that a state violates due process by permitting propensity evidence in the form of other bad acts evidence. Petitioner fails to

3

demonstrate to the contrary.

Ground six involved dismissal of two jurors by the trial court, one for violating the court's admonition against cell phones and one to fulfil a previously scheduled business trip. Both were replaced by alternate jurors. The Court agrees that the claim is not cognizable on habeas review, or that due process was not violated.

The Magistrate Judge rejected ground eight given that the petitioner did not identify a constitutional error in the state court's determination regarding the failure to give a lesser included offense instruction. Petitioner fails to demonstrate that the state court determination was contrary to clearly established federal law.

Ground nine relates to prosecutorial misconduct and, again, the state court determination on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

The Magistrate Judge found ground eleven, challenging sentencing, to be procedurally defaulted in part and not a case of deficient counsel. Petitioner's arguments to the contrary fail to show that the Magistrate Judge was incorrect.

Ground twelve asserted cumulative error which is not cognizable here.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

      IT IS SO ORDERED.


        /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge

Dated: 10/17/12